1810.        THE BALTIMORE INSURANCE COMPANY vs. TAYLOR.

DECEMBER.

The Baltimore Insurance Com'y. vs Taylor

Covenant on an open policy of insurance on a cargo, where the vessel and cargo were condemned on account of contraband trade. Neither the insurers nor insured knew of the contraband article, it having been put on board secretly by the captain, nor was there any representation to the insurers that either vessel or cargo were neutral, nor a warranty to that effect—Held, by Baltimore county court, Nicholson, Ch. J. that as the interest of the insured was proved to exceed the amount insured, he was entitled to recover against the underwriters.

APPEAL from *Baltimore* County Court. Covenant on a policy of insurance on the cargo of a vessel which was captured, and the cargo condemned as being contraband of war. Evidence was given at the trial that a quantity of tin and shot were shipped on board the vessel by the captain, which were not mentioned in any of the ship's papers, or documented in any manner; that it was on board when the vessel was captured, and that its being on board was not communicated to the defendants, (the appellants,) before or at the time of executing the policy; also, that the plaintiff, (the appellee,) had no knowledge of it, it being concealed from him by the captain.

*Nicholson*, Ch. J. directed the jury, that as it was an open policy, in which the assured could only recover according to the value of his interest, and as his interest was proved and admitted greatly to exceed the amount insured, the warranty could not be extended by implication beyond the interest. If the tin and shot had been the property of the plaintiff, then being a part of the interest insured, it would have been embraced by the warranty; or if they had been put on board with the plaintiff's knowledge, then it would have been his duty to have had them regularly documented, and for his neglect in this respect the policy might have been vitiated; being put on board, however, by the captain, with a fraudulent view, he was guilty of barratry, and this barratry, altho' possibly the remote cause of the loss, cannot exonerate the underwriters. Neither can they be excused by any alleged misrepresentation or concealment of facts. The representation, which was the foundation of the policy, does not state either vessel or cargo to be neutral; and if the insurers intended that no property should be put on board, but such as was neutral, they should have insisted on a representation to that effect, or should have included it expressly in the warranty. The defendants excepted, and appealed to this court, but at this term they *dismissed* their appeal.

APPEAL DISMISSED.